IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

OPINION and ORDER

26-mj-4-amb

ALLAN SAVIER TEJEDA MURILLO,

Defendant.

---

This case presents a novel question as to the constitutionality of a federal ban on noncitizen voting in federal elections. Defendant Allan Savier Tejeda Murillo has filed a motion to dismiss the information charging him with unlawfully voting in the 2024 Presidential election as a noncitizen in violation of 18 U.S.C. § 611(a).[1] Dkt. 15. He raises an as-applied challenge to the constitutionality of the statute, arguing that it is a federal voter qualification that exceeds Congress's enumerated powers.[2] The government counters that it is a criminal immigration sanction that falls within Congress's plenary power over immigration regulation. The motion to dismiss is fully briefed, and the court held oral argument on August 21, 2026.

The charge is a Class A misdemeanor, and defendant has consented to proceed before a magistrate judge. Dkt. 23. The government has now filed a petition under 18 U.S.C. § 3401(f) to transfer this case to a district judge because the motion to dismiss presents a novel legal question and transfer would promote judicial economy by allowing any appeal to proceed

---

[1] Defendant Christian Erazo Valdez has raised the same challenge in Case No. 25-mj-148-amb, at Dkt. 20. That case is set for trial on November 9, 2026.

[2] Defendant has also raised a facial challenge, but stated at oral argument that while he is not abandoning the argument, the court does not need to reach it.

directly to the Seventh Circuit. Defendant maintains that the petition should be denied because of delay, noting it was filed nearly four months after defendant's motion to dismiss was filed, two months after defendant consented to proceed before a magistrate judge, and two days before oral argument.

The court posed some questions concerning the petition at oral argument, including who should decide the petition—the presiding magistrate judge or a district judge. The government contended the latter, and defendant now agrees, although he continues to maintain that the petition should be denied. Dkt. 39. This order explains why I have independently concluded the petition should be decided by a district judge, and the procedure for facilitating this review.

## PROCEDURAL HISTORY

This case began in January 2026, with the government filing an information charging defendant with one count of violating § 611(a). Dkt. 1. On February 18, 2026, defendant was arraigned and released on conditions, and the court set the case schedule. Dkts. 10–12. Defendant filed a motion to dismiss the information on April 27, 2026 that the parties briefed. Dkts. 15, 17–18. Defendant formally consented to proceed before a magistrate judge on June 18, 2026. Dkt. 23.

At that point, the court reset the case schedule upon defendant's unopposed motion and moved trial to December 14, 2026. Dkt. 25. Because defendant's motion to dismiss presents a question of first impression, the court invited the Wisconsin Department of Justice to submit an amicus brief and set oral argument for August 21. Dkt. 26. The Wisconsin Department of Justice did not respond, but defendant submitted supplemental authority in

the form of an amicus brief filed by Attorney Paul D. Clement in a case pending in the Southern District of Florida involving an identical challenge.[3] Dkt. 27. The parties filed responses to this amicus brief. Dkts. 30–32.

Two days before oral argument, the government petitioned to transfer this case to a district judge. Dkt. 33. The government also moved to continue oral argument pending the petition's resolution, which the court denied. Dkt. 36. At oral argument, the court addressed the petition and specifically asked who can and should decide the petition. Dkt. 38. The parties have submitted supplemental briefing on this question. The defense noted it was unable to identify any authority resolving the matter and, thus, performed an analysis of statutory construction. Dkt. 39. The government offered no authority and no analysis, while maintaining its original position. Dkt. 40.

## ANALYSIS

The threshold question before the court is who must decide the government's petition to transfer. Section 3401 provides for magistrate judge jurisdiction over misdemeanor cases, including over Class A misdemeanors upon consent of the defendant. 18 U.S.C. § 3401(a)-(b). The government's consent is not required, but the government can petition to have the case transferred to a district judge under certain circumstances. The procedure for petitioning a transfer is set forth in subsection (f), which states:

> The district court may order that proceedings in any misdemeanor case be conducted before a district judge rather than a United States magistrate judge upon the court's own motion or,

[3] The court is aware of two other federal criminal cases where similar motions to dismiss are pending. *United States v. Renaud*, No. 1:26-cr-20128 (S.D. Fla. Mar 31, 2026); *United States v. Cox*, No. 0:25-cr-60249 (S.D. Fla. Oct 22, 2025).

> for good cause shown, upon petition by the attorney for the Government. Such petition should note the novelty, importance, or complexity of the case, or other pertinent factors, and be filed in accordance with regulations promulgated by the Attorney General.

18 U.S.C. § 3401(f). This subsection makes clear that the "district court" decides the petition—but it does not expressly define that term. Read in isolation, "district court" could be interpreted as an umbrella term encompassing both types of judges listed in the subsection. But when read in context, and in reference to other sources, this is likely not the case.

Elsewhere, the statute notes that any magistrate judge's jurisdiction stems from a designation made "by the district court," suggesting they are separate entities and sources of power:

> When specially designated to exercise such jurisdiction by the district court or courts [s]he serves, any United States magistrate judge shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district.

18 U.S.C. § 3401(a).

As for who embodies the district court, the statute that created the district courts expressly states that such courts are comprised of the district judges:

> Each district court shall consist of the district judge or judges for the district in regular active service. Justices or judges designated or assigned shall be competent to sit as judges of the court.

28 U.S.C. § 132(b). There is no express reference to magistrate judges; this is because magistrate judgeships were created later and are provided for in a different statute. That statute sets forth the limited jurisdiction of magistrate judges over misdemeanor cases, noting:

> the power to conduct trials under section 3401, title 18, United States Code, in conformity with and ***subject to the limitations of that section***.

28 U.S.C. § 636(3) (emphasis added). Section 3401(f), which provides an express procedure for the government to seek transfer away from the magistrate judge, is best read as one such limitation.

In light of this analysis, and the parties' agreement on the issue, a district judge should resolve the government's petition. To facilitate this, the clerk of court is directed to randomly reassign this case to a district judge for the petition's review and decision.

*So ordered.*

Entered August 27, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge